UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ATENCIO, ) | NO. CV 09-1286-DDP (AGR) |
| Petitioner, ) | |
| v. ) | ORDER TO SHOW CAUSE |
| JAMES E. TILTON, et al., ) | |
| Respondents. ) | |

On February 24, 2009, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court, therefore, orders Petitioner to show cause, on or before **March 30, 2009**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

Petitioner was convicted of two counts of Cal. Penal Code § 288.5(a), and sentenced to 20 years in state prison on October 5, 2004. (Petition at 3.) The

California Court of Appeal affirmed the judgment on October 6, 2005. (*Id.*; *People v. Atencio*, 2005 Cal. App. Unpub. LEXIS 9160 (2005). The California Supreme Court denied the petition for review on December 14, 2005. (Petition at 4); *People v. Atendio*, 2005 Cal. LEXIS 14155 (2005).

According to the Petition, Petitioner filed a state habeas petition in Los Angeles County Superior Court on April 10, 2007, which was denied on the same day. (Petition at 4.) On May 30, 2007, he filed a state habeas petition with the California Court of Appeal, which was denied on September 25, 2007. (*Id.* at 5.) On November 13, 2007, he filed a state habeas petition in the California Supreme Court, which was denied on January 21, 2009. (*Id.* at 5-6.)

On February 24, 2009, Petitioner, who is represented by counsel, filed the Petition in this Court. Petitioner raises four grounds. (*Id.* at 6-7.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final

The California Supreme Court denied the petition for review on December 14, 2005. *People v. Atencio*, 2005 Cal. LEXIS 14155 (2005). Therefore, Petitioner's conviction became final 90 days later on March 14, 2006. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Absent tolling, the statute of limitations expired one year later on March 14, 2007, pursuant to 28 U.S.C. § 2244(d)(1)(A). The Petition was lodged with this court on February 20, 2009, close to two years after expiration of the statute of limitations. Thus, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Petition states that Petitioner filed his first state habeas petition on April 10, 2007, after the statute of limitations expired.[1] (Petition at 4.) A state habeas petition filed after the limitations period has expired does not toll or revive the expired limitations period. *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).

The Supreme Court has not decided whether § 2244(d) allows for equitable tolling. *Lawrence v. Florida,* 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d. 924 (2007). Even assuming equitable tolling applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. The extraordinary circumstances must have been the cause of his untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

The Petition does not provide any basis for equitable tolling.

**B.     Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

Ground Four of the Petition is based on ineffective assistance of counsel.

---

[1] Based on online dockets, Petitioner appears to have been represented by counsel in filing state habeas petitions. Accordingly, this court has not used the mailbox rule in calculating the statute of limitations period. If Petitioner was not represented by counsel in his first state habeas petition, Petitioner should so state in response to this Order to Show Cause and provide the date on which he mailed the first state habeas petition to Los Angeles County Superior Court from prison.

(Petition at 7.)

In the context of an ineffective assistance claim, the statute of limitations starts to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"'Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan*, 254 F.3d at 1154 n.3.

Here, Ground Four appears to be based entirely on facts that Petitioner knew, or through diligence could have discovered, on or before his conviction became final on March 14, 2006.[2]  (Petition at 7.)  Petitioner argues that trial counsel waived closing argument, failed to request the pattern alibi instruction, failed to object to hearsay evidence of a bribe, failed to object when the prosecutor accused him of proffering a false police report, failed to object when the prosecutor attacked a defense witness' religion, failed to object or request a new trial when the jury saw petitioner in handcuffs, and failed to object to the prosecutor's argument that the three victims did not know each other, failed to object to sentencing.[3]  (*Id.* & Brief at 38-47.)

---

[2]  The brief attached to the Petition states cites to exhibits.  However, no exhibits were attached to the brief filed with the court.

[3]  The brief refers to a declaration from Petitioner that trial counsel told him before and during trial that (1) his short-term memory was "very bad," (2) his mother died of Alzheimer's disease and he was sure he had it as well, (3) it was affecting his driving and his license had been revoked, and (4) he could not remember the facts of the case and waived closing argument.  (Brief at 45-46.)  At trial, Petitioner could tell that his counsel was having trouble remembering things and could not remember what different witnesses said.  (*Id.* at 46.)  In his

4

Because there is no basis for statutory or equitable tolling as discussed above, the Petition is barred by the statute of limitations.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **March 30, 2009**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations. Petitioner's response must explain why his petition is not barred by the statute of limitations. (*See supra* n.1.)

***Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the District Court dismiss the petition, with prejudice, based on expiration of the one-year statute of limitations.***

DATED: February 26, 2009

                        ALICIA G. ROSENBERG
                        United States Magistrate Judge

---

direct appeal, Petitioner offered evidence that LeMieux engaged in misconduct in other cases. (See i*d.* at 52-55.)